# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DR. LARRY NASSAR, an individual;
Additional Parties Attachment Form is Attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JANE HC DOE, an individual,

<table>
<tr><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**06/19/2017** at 03:05:55 PM
Clerk of the Superior Court
By Candice Nguyen, Deputy Clerk
</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Orange County Superior Court<br><br>700 Civic Center Drive West, Santa Ana, CA 92701<br>Central Justice Center | **CASE NUMBER:**<br>*(Número del Caso):*  30-2017-00926883-CU-PO-CJC<br><br>Judge James Crandall |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

J. Manly Esq. #149080, Manly Stewart & Finaldi, 19100 Von Karman Ave. #800, Irvine, CA 92612 949-252-9990

| | | | |
|---|---|---|---|
| **DATE:** 06/19/2017<br>*(Fecha)* | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* _Candice Nguyen_ | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

Candice Nguyen

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

**Michigan State University,**

3. ☒ on behalf of *(specify):* a Michigan Entity of Form Unknown

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Business Organization Form Unknown
4. ☐ by personal delivery on *(date):*

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** |

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**Exhibit A**

6

SUM-200(A)

| SHORT TITLE:<br>JANE HC DOE v. DOE 1, et al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff  ☑ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant

MICHIGAN STATE UNIVERSITY, a Michigan Entity of Form Unknown, and DOES 1 through 500.

Page ___1___ of ___1___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Exhibit A
7

JOHN C. MANLY, Esq. (State Bar No. 149080)
VINCE W. FINALDI, Esq. (State Bar No. 238279)
ALEX CUNNY (State Bar No. 291567)
**MANLY, STEWART & FINALDI**
19100 Von Karman Ave., Suite 800
Irvine, CA 92612
Telephone: (949) 252-9990
Fax: (949) 252-9991

Attorneys of Record for Plaintiff, JANE HC DOE

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**06/19/2017** at 03:05:55 PM
Clerk of the Superior Court
By Candice Nguyen, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ORANGE

JANE HC DOE, an individual,

    Plaintiff,

    v.

DR. LARRY NASSAR, an individual;
MICHIGAN STATE UNIVERSITY, a
Michigan Entity of Form Unknown, and DOES
1 through 500.

    Defendants.

Case No.: 30-2017-00926883-CU-PO-CJC
Judge: Judge James Crandall
Department: _____

**COMPLAINT FOR DAMAGES FOR:**

1) **DEPRIVATION OF CIVIL RIGHTS (42 U.S.C. §1983)**
2) **SEXUAL ABUSE AND HARASSMENT IN THE EDUCATIONAL SETTING (*EDUCATION CODE* §220)**
3) **TITLE IX (20 U.S.C. §1681)**
4) **GENDER VIOLENCE (*CIVIL CODE* § 52.4);**
5) **SEXUAL HARASSMENT (*CIVIL CODE* § 51.9);**
6) **SEXUAL ASSAULT;**
7) **SEXUAL BATTERY(*CIVIL CODE* § 1708.5);**
8) **UNFAIR BUSINESS PRACTICES (*BUSINESS & PROFESSIONS CODE* § 17200);**
9) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**
10) **CONSTRUCTIVE FRAUD (*CIVIL CODE* § 1573);**
11) **NEGLIGENCE;**
12) **NEGLIGENT SUPERVISION;**
13) **NEGLIGENT HIRING/ RETENTION;**
14) **NEGLIGENT FAILURE TO WARN, TRAIN OR EDUCATE.**

**DEMAND FOR JURY TRIAL.**

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

Exhibit A
8

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

1    **COMES NOW**, Plaintiff JANE HC DOE ("JANE HC DOE" or "Plaintiff" hereinafter),

2    who complains and alleges as follows:

3    <u>**GENERAL ALLEGATIONS AS TO THE PARTIES**</u>

4    1.    This action seeks to vindicate the rights of a young woman who was sexually

5    abused, harassed and molested at the hands of Defendant DR. LARRY NASSAR (hereinafter

6    referred to as, "NASSAR" or "THE PERPETRATOR"), while she was a student and collegiate,

7    scholarship softball player at Defendant MICHIGAN STATE UNIVERSITY (hereinafter referred

8    to as "MSU"). The Plaintiff, JANE HC DOE, is a native Californian who was actively recruited

9    and lured to East Lansing, Michigan by MSU recruiters to play softball on scholarship, where she

10    was sexually abused by THE PERPETRATOR on over 10 occasions, under the guise of legitimate

11    medical treatment. Upon leaving California to pursue her dreams of higher education and

12    collegiate softball, the Plaintiff was repeatedly sexually abused numerous times by a known

13    pedophile in the MSU community: NASSAR. After MSU personnel was told that NASSAR was

14    a pedophile and touched women and girls inappropriately, MSU continued to allow NASSAR to

15    have unfettered sexual access to athletes, as well as patients, student athletes, and/or minor children

16    in his care; all done in order to protect MSU's reputation and protect its funding from donors and

17    the government. As an organization, MSU protected NASSAR, given the immense national and

18    international acclaim that NASSAR had in the gymnastics and sports medicine community. This

19    acclaim fueled funding and respect for MSU's athletics programs, which generated substantial

20    economic benefit for MSU.

21    **THE PLAINTIFF, JANE HC DOE**

22    2.    The Plaintiff is a female who was born in December of 1977 and who was raised

23    in the Southern California area. The Plaintiff was a high-school standout in softball, and drew the

24    attention of numerous college scouts throughout the nation. The Plaintiff was directly contacted,

25    recruited, and lured to attend MSU on scholarship for softball, who aggressively recruited the

26    Plaintiff. Defendant MSU, through its employees, agents, and/or servants, met with the Plaintiff's

27    parents in California, spoke to the Plaintiff's club coaches in California, and actively encouraged

28    and recruited the Plaintiff to attend Defendant MSU as a collegiate softball player. After a storied

1 high school softball career in Southern, California, the Plaintiff accepted a full athletic scholarship

2 for softball at MSU. Currently the Plaintiff resides in Orange County California.

3   3. In the fall of 1996, the Plaintiff, moved to MSU where she began her studies at

4 MSU and training for softball. During Jane HC Doe's entire career at MSU she had problems with

5 tight muscles in her upper back, shoulders and neck. During the Plaintiff's Junior Year at MSU

6 (beginning in or around September of 1998 through the spring of 1999), the Plaintiff was referred

7 to NASSAR to treat for these back, shoulder and neck issues. It was at this point (as detailed

8 further, *supra*) that NASSAR gain access to the Plaintiff and sexually abused her.

9   4. During the entire time that Plaintiff was at MSU (from approximately fall of 1996

10 to 2001), the Plaintiff never relinquished her residence or domicile in California, and is currently

11 a domiciled and resides in California, in the County of Orange.

          **DEFENDANT, DR. LARRY NASSAR-THE PERPETRATOR**

13   5. Defendant NASSAR, at all times mentioned herein was and is an adult male

14 individual, who Plaintiff is informed and believes lived in the State of Michigan during the period

15 of time during which the sexual abuse, harassment, and molestation alleged herein took place and

16 is currently a citizen of the State of Michigan. Plaintiff is informed and believes, and on that basis

17 alleges that in 1985, NASSAR received a degree in athletic training from MSU, and practiced as

18 a trainer for many years. Plaintiff is informed and believes, and on that basis alleges that in 1993,

19 received his osteopathic medical degree from MSU and completed his family practice residency

20 at St. Lawrence Hospital in 1996, followed by a primary care sports medicine fellowship at MSU

21 in 1997. Plaintiff is informed and believes, and on that basis alleges that since that time, NASSAR

22 has been employed with MSU's training and/or Sports Medicine department, and has served as

23 the team physician for women's gymnastics and the women's crew team. Plaintiff is informed and

24 believes, and on that basis alleges that in NASSAR further provided treatment to athletes from

25 various MSU athletic programs, including but not limited to softball, as well as treatment to non-

26 collegiate gymnasts and athletes from the Michigan area, and beyond. During this period, Plaintiff

27 is informed and believes, and on that basis alleges that NASSAR sexually abused and molested

28 dozens of female athletes, including the Plaintiff, through use of his position, authority and trust

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

1    as an osteopathic medical doctor. It was not until September of 2016 that NASSAR was fired from

2    MSU, and his systematic sexual abuse of female athletes at MSU was halted. At all times herein

3    alleged, NASSAR was an employee, agent, and/or servant of Defendant MSU and DOES 1

4    through 500, and/or was under their complete control and/or active supervision.

5        6.    Plaintiff is informed and believes that the NASSAR was accepted onto the staff of

6    USA Gymnastics as a trainer in 1986 and then as the National Medical Director and the National

7    Team Physician for the women's gymnastics team in 1996. NASSAR was also responsible for

8    coordinating the care for USA Gymnastics and for participants and members at every national and

9    international competition, and has traveled with USA Gymnastics at the World Artistic

10   Gymnastics Championships in 1991, 1995, 1999, 2003, and 2007. NASSAR was also sent by USA

11   Gymnastics to various international competitions including but not limited to: the 1987 Pan

12   American Games, the 1996 Olympic Games, the 2000 Olympic Games, the 2007 Pan American

13   Games, the 2008 Olympic Games, and the 2012 Olympic games. NASSAR continued to function

14   in this capacity at USA Gymnastics until in or around the middle of 2015.

15       7.    NASSAR was retained by MSU as an Osteopathic Physician and certified athletic

16   trainer to provide care, treatment, and athletic training to the MSU athletes and as well as other

17   local athletes, most of which were minors or very young adults, while in his care. It was through

18   this position of trust and confidence, that NASSAR exploited the Plaintiff, in perpetrating his

19   sexual abuse, molestation and harassment upon Plaintiff. All of the sexually abusive and harassing

20   conduct alleged herein was done for the NASSAR's sexual gratification and was based upon the

21   gender of JANE HC DOE.

22       8.    It is on information and reasonable belief that NASSAR was using his apparent

23   authority and position within MSU over the minor and young adult athletes, including the Plaintiff,

24   for NASSAR to sexually abused, molested, and harass multiple other athletes including numerous

25   gymnasts and athletes as an employee of Michigan State University.

26       9.    In the event the NASSAR is prosecuted and convicted of a felony for the conducted

27   alleged herein, the Plaintiff requests leave to amend the instant Complaint, such that a request for

28   attorneys' fees can be made against NASSAR pursuant to *Code of Civil Procedure* § 1021.4.

-4-

**COMPLAINT FOR DAMAGES**

**DEFENDANT, MSU**

10. Defendant MSU at all times mentioned herein was and is a business entity of form unknown, having its principal place of business in the State of Michigan. Plaintiff is informed and believes MSU is a public land grant university, established in 1855, in East Lansing, Michigan. Defendant MSU is a research university that proclaims itself to: "…work every day to advance the common good in uncommon ways. Together we tackle some of the world's toughest problems to find solutions that make life better." In advertising, Defendant MSU claims "[o]ur three core, interwoven values are quality, inclusiveness, and connectivity." Furthermore, Defendant MSU proclaims itself to be one of the Top 100 universities in the world, and that it in 2014-2015, it received $584 million in external funding for research and that it annually receives $50 million in international funding. In 2015-2016, MSU had a general fund budget of over $1 billion.

11. Defendant MSU's further claims that it has amongst the best athletics programs in the nation. As Defendant MSU's own website declares, its "dedication and excellence was recognized by CBSSports.com in its annual Best in College Sports Award, which rated MSU's athletics program No. 2 in the nation across the board, noting it 'has become a model of consistency, and its teams have proven capable of winning big and graduating players.'"

12. Through his ubiquity and perceived admiration in the National and International gymnastics community, NASSAR's history and reputation for providing care to Olympians and the USA National Gymnastics team derived continuous and substantial economic benefit to MSU, its Sports Medicine Department and its athletics programs. NASSAR's reputation as the Olympic gymnastics doctor, created confidence, trust, and pedigree in the Defendant MSU Sports Medicine program which furthered MSU's financial and athletics interests. Plaintiff is informed and believes and on that basis alleges that by having NASSAR, the Olympic doctor, employed at the MSU facilities, MSU benefitted financially by attracting better athletic recruits, and providing treatment to non-collegiate athletes seeking perceived elite medical care.

13. Defendant MSU purposely conducts substantial business activities in the State of California. Defendant MSU actively seeks and recruits minor athletes from California, specifically the Los Angeles and Southern California area, to attend schooling at MSU. Specifically, as to the

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-5-
**COMPLAINT FOR DAMAGES**

Exhibit A
12

1   Plaintiff, MSU contacted the Plaintiff in California, visited the Plaintiff in California, sought out

2   the Plaintiff, and ultimately, gave the Plaintiff a full athletic scholarship to leave California and

3   attend Defendant MSU to play softball. The Defendant MSU further conducts business in the State

4   of California by sending representatives to college fairs and recruitment events to lure potential

5   students to attend Defendant MSU.

6       14.   Under the applicable laws, Defendant MSU and its Sports Medicine Department

7   and athletics departments, are organizations whose employees, agents, and/or servants are legally

8   "mandated reporters", considering that Defendant MSU operates a medical facility, and its

9   employees' duties require providing direct medical care. Furthermore, Defendant MSU is

10  governed by Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §1681 *et seq.*,

11  and is required to investigate allegations of sexual assault, sexual abuse and sexual harassment.

12  Defendant MSU systematically failed to uphold the duties and requirements under Title IX through

13  a pattern, history and culture of willful disregard for allegations of sexual abuse.

14                **DOE DEFENDANTS 1 THROUGH 500**

15      15.   Defendants DOES 1 through 500, inclusive, and each of them, are sued herein

16  under said fictitious names. Plaintiff is ignorant as to the true names and capacities of DOES 1

17  through 500, whether individual, corporate, associate, or otherwise, and therefore sue said

18  Defendants by such fictitious names. When their true names and capacities are ascertained,

19  Plaintiff will request leave of Court to amend this Complaint to state their true names and capacities

20  herein.

21      16.   NASSAR, Defendant MSU and DOES 1 through 500, inclusive, are sometimes

22  collectively referred to herein as "Defendants" and/or as "All Defendants"; such collective

23  reference refers to all specifically named Defendants as well as those fictitiously named herein.

24      17.   Plaintiff is informed and believes, and on that basis alleges that at all times

25  mentioned herein, each Defendant was responsible in some manner or capacity for the occurrences

26  herein alleged, and that Plaintiff's damages, as herein alleged, were proximately caused by all said

27  Defendants.

28  ///

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

18.     At all times mentioned herein, each and every Defendant was an employee, agent, and/or servant of Defendant MSU and DOES 1 through 500, inclusive, and/or was under their complete control and/or active supervision. Defendants and each of them are individuals, corporations, partnerships and/or other entities that engaged in, joined in, and conspired with other Defendants and wrongdoers in carrying out the tortuous and unlawful activities described in this Complaint.

19.     Plaintiff is informed and believes, and on that basis alleges that at all times mentioned herein, there existed a unity of interest and ownership among Defendants and each of them such that any individuality and separateness between Defendants, and each of them, ceased to exist. Defendants and each of them were the successors-in-interest and/or alter egos of the other Defendants, and each of them, in that they purchased, controlled, dominated and operated each other without any separate identity, observation of formalities, or other manner of division. To continue maintaining the facade of a separate and individual existence between and among Defendants, and each of them, would serve to perpetrate a fraud and injustice.

20.     Plaintiff is informed and believes, and on that basis alleges that at all times mentioned herein, Defendant NASSAR, Defendant MSU and DOES 1 through 500 were the agents, representatives and/or employees of each and every other Defendant. In doing the things hereinafter alleged, Defendants and each of them were acting within the course and scope of said alternative personality, capacity, identity, agency, representation and/or employment and were within the scope of their authority, whether actual or apparent.

21.     Plaintiff is informed and believes, and on that basis alleges that at all times mentioned herein, NASSAR, Defendant MSU, and DOES 1 through 500 were the trustees, partners, servants, joint venturers, shareholders, contractors, and/or employees of each and every other Defendant, and the acts and omissions herein alleged were done by them, acting individually, through such capacity and within the scope of their authority, and with the permission and consent of each and every other Defendant and that said conduct was thereafter ratified by each and every other Defendant, and that each of them is jointly and severally liable to Plaintiff.

///

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-7-
**COMPLAINT FOR DAMAGES**

Exhibit A
14

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS BY JANE HC DOE

22.     At all times material hereto, Plaintiff was a scholarship athlete and was under Defendant MSU, NASSAR, and DOES 1 through 500's complete control, dominion, and supervision. NASSAR worked for, was employed by, and/or an agent/servant of the Defendants MSU and/or DOES 1 through 500, when NASSAR came into contact with the Plaintiff.

23.     At all times material hereto, NASSAR was under the direct supervision, management, agency and control of Defendants MSU and DOES 1 through 500, inclusive. NASSAR was an osteopathic sports medicine physician hired, employed, supervised, and retained by Defendant MSU, and DOES 1 through 500. While an osteopathic sports medicine physician at Defendants, NASSAR's employment duties included coordinating the care for Defendant MSU's athletic programs, including gymnastics and crew, while also providing purported medical care to athletes from various programs including track, softball and other sports. In addition, NASSAR was permitted to see patients from outside of the MSU campus, including local non-collegiate gymnasts and athletes. The purported care offered by NASSAR included, but was not limited to, osteopathic adjustments and kinesiology treatment to participants and athletes of Defendants MSU and DOES 1 through 500, which included Plaintiff. Plaintiff was a student athlete of Defendant MSU and DOES 1 through 500 and it is under these circumstances that Plaintiff came to be under the direction and control of NASSAR who used his position of authority and trust to molest and sexually abuse Plaintiff.

24.     As a member and participant of Defendants MSU and DOES 1 through 500 while NASSAR was an osteopathic physician, the Plaintiff was under NASSAR's direct supervision, control and care, which created a special, confidential, and fiduciary relationship between Plaintiff and NASSAR. Because of such relationship, NASSAR owed Plaintiff a duty of care. Additionally, as the employers and supervisors of NASSAR with knowledge that he was in contact with and providing medical care to young adults and minors, Defendants MSU and DOES 1 through 500 were also in a special, confidential, and fiduciary relationship with Plaintiff, owing the Plaintiff JANE HC DOE a duty of care.

///

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

Exhibit A
15

25.    By assigning and employing NASSAR as a team physician and athletic physician at Defendant MSU and DOES 1 through 500, Defendants MSU and DOES 1 through 500 represented to its student, its athletes, and the community that NASSAR was safe, trustworthy, and of high moral and ethical repute, such that athletes and patients need not worry about having NASSAR interact with, and provide care. Defendants did so in order to preserve their own public image and reputation, so they could retain past athletes and recruit new athletes, thus allowing donations and other financial support to continue flowing into their coffers for financial gain.

26.    Plaintiff is informed and believes, and on that basis alleges, that Defendants knew or should have known that NASSAR had engaged in unlawful sexually-related conduct in the past, and/or was continuing to engage in such conduct. Defendants had a duty to disclose these facts to Plaintiff, her parents and others, but negligently and/or intentionally suppressed, concealed or failed to disclose this information. The duty to disclose this information arose by the special, trusting, confidential, fiduciary relationship between Defendants and Plaintiff. Specifically, the Defendant MSU knew that NASSAR was performing intravaginal adjustments with his bare, ungloved hand and in isolation with young females, based on the following:

  a.  In or around 1998, another softball player at MSU (TIFFANY THOMAS LOPEZ ("Ms. LOPEZ"), Case No. BC644417) told training staff at MSU that NASSAR was conducting treatment whereby he would touch and insert his fingers into Ms. LOPEZ's vagina. These staff stated that this was part of the treatment, and that Ms. LOPEZ was to return to treatment, which she did. These staff did not report NASSAR, nor warn JANE HC DOE of these allegations, yet they allowed JANE HC DOE to continue to receive treatment;

  b.  In or around 1998, another athlete (in addition to Ms. LOPEZ) complained to an MSU coach regarding the treatment provided by NASSAR. That coach told that athlete that NASSAR's treatment was medically approved and that the athlete should return for treatment. This coach did not report this sexual molestation to the proper authorities, and did not warn the Plaintiff or any other athletes, about receiving further purported treatment from NASSAR. Subsequent to this report, the Plaintiff saw NASSAR for purported treatment, where she was sexually abused.

27.    Plaintiff is informed and believes, and on that basis alleges, that while Plaintiff was a scholarship athlete of Defendant MSU and DOES 1 through 500, Defendants engaged in a pattern and practice of ignoring complaints, failing to investigate sexual harassment and abuse complaints, concealed information from abuse victims, and contributed to a sexually hostile environment on campus at Defendant MSU.

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

Exhibit A

16

28.    It is upon information, and therefore belief, that Defendants MSU and DOES 1 through 500 had a history and systemic problems in properly handling sexual harassment and sexual abuse allegations, contrary to their Federal mandates under Title IX. This pattern and practice was evidenced by U.S. Department of Education investigations which revealed that there were "significant concerns" with the manner in which Defendant MSU handled sexual assault allegations. Specifically, the investigation found that Defendant MSU often failed to maintain appropriate documentation of: investigations, failed to make investigative reports in investigations, failed at prevention of further harassment and assault, and lacked in assistance to victims of sexual harassment or assault. Furthermore, Plaintiff is informed and believes and on that basis alleges that subsequent reports in 2014 to Defendant MSU regarding NASSAR's abusive contact illustrate that Defendant MSU had a culture of ignoring, minimizing and sanitizing complaints from sexual abuse victims. In a 2014 report of sexual abuse and molestation by NASSAR to Defendant MSU, the victim reported that NASSAR was sexually aroused when he molested her (by inserting his hand into her vagina), but no documentation of that fact existed in Defendant MSU's records, upon examination, and NASSAR was permitted to remain in his position at Defendant MSU.

29.    Plaintiff is informed and believes and on that basis alleges Defendants knew of, or should have known, NASSAR's propensity and disposition to engage in sexual misconduct with minors, patients and/or athletes before he sexually abused and molested Plaintiff, and knew of the probability that he would molest minors, patients, and/or athletes with whom he came into contact, such as Plaintiff.

30.    Defendants failed to implement reasonable safeguards to avoid acts of unlawful sexual conduct by NASSAR in the future, including avoiding placement of NASSAR in a position where contact and interaction with vulnerable patients and athletes is an inherent function. Defendants ignored and suppressed the past sexual misconduct NASSAR had engaged in.

31.    Plaintiff is informed and believes and on that basis alleges, that Defendants were apprised, knew or should have known and/or were put on notice of NASSAR's past sexual abuse of children, patients, and/or athletes, past claims and/or investigations, and his propensity and disposition to engage in such unlawful activity and unlawful sexual activity with athletes and

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

patients, such that Defendants knew or should have known that NASSAR would commit wrongful sexual acts with athletes and patients, including Plaintiff. Plaintiff is informed and believes, and on that basis alleges that personnel and/or employment records and other records of Defendants' reflect numerous incidents of inappropriate sexual contact and conduct with athletes and patients by NASSAR and other professionals, employees, assistants, agents, supervisors and others, including incidents occurring both on and off the physical premises of such Defendants. Based on these records, Defendants knew and/or should have known of NASSAR's history of sexual abuse, past claims and/or past investigations, and his propensity and disposition to engage in unlawful activity and unlawful sexual activity with athletes and patients, such that Defendants knew or should have known that NASSAR would commit wrongful sexual acts with those athletes and patients, including Plaintiff.

32. Because of the relationship between Plaintiff and Defendants, Defendants had an obligation and duty under the law not to hide material facts and information about NASSAR's past, and his deviant sexual behavior and propensities. Additionally, Defendants had an affirmative duty to inform, warn, and institute appropriate protective measures to safeguard athletes and patients who were reasonably likely to come in contact with NASSAR. Defendants willfully refused to notify, give adequate warning and implement appropriate safeguards, thereby creating the peril that ultimately damaged Plaintiff.

33. Plaintiff is informed and believes and on that basis alleges that prior to Plaintiff's sexual abuse by NASSAR, Defendants engaged in a pattern and practice of employing sexual abusers at Defendant MSU. Defendants concealed these facts from athletes and patients, their parents, the Los Angeles community, the Michigan community, the public at large, the United States government, various local governments, and law enforcement agencies.

34. Defendant MSU's internal policies provide that "[a]ll University employees… are expected to promptly report sexual misconduct or relationship violence that they observe or learn about and that involves a member of the University community (faculty, staff or student) or occurred at a University event or on University property." They go further to state that: "[t]he employee must report all relevant details about the alleged relationship violence or sexual

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

1    misconduct that occurred on campus or at a campus-sponsored event..." These policies were

2    violated when no meaningful investigation of NASSAR occurred prior to the Plaintiff's abuse.

3        35.    Plaintiff is informed and believes and on that basis alleges that as part of

4    Defendants' conspiratorial and fraudulent attempt to hide NASSAR's propensity to sexually abuse

5    and molest patients and athletes, and prior sexual misconduct with children, from public scrutiny

6    and criminal investigation, Defendants implemented various measures designed to make

7    NASSAR's conduct harder to detect and ensure minors, athletes and/or patients with whom he

8    came into contact, such as Plaintiff, would be sexually abused, including:

    a.    Permitting NASSAR to remain in a position of authority and trust after Defendants knew or should have known that he molested athletes and patients;

    b.    Placing NASSAR in a separate and secluded environment, at Defendant MSU and DOES 1 through 500, including assigning him unfettered access and control over athletes and patients that included individual and private examinations, private osteopathic adjustments often without a chaperone, and allowing NASSAR to physically and sexually interact with the children, athletes and/or patients, including Plaintiff;

    c.    Failing to disclose NASSAR's prior record of misconduct, sexual abuse, harassment and molestation and his propensity to commit such acts towards children, athletes and patients in Defendants MSU and DOES 1 through 500's program, the public at large, and law enforcement;

    d.    Allowing NASSAR to have unsupervised and un-controlled access to minors, athletes and patients, including the Plaintiff JANE HC DOE;

    e.    Holding out NASSAR to Plaintiff, her parents, other patients and athletes at Defendants MSU and DOES 1 through 500, and the public at large as a trustworthy and honest person of high ethical and moral repute who was capable and worthy of being granted unsupervised access to the children, athletes and patients of Defendants MSU and DOES 1 through 500;

    f.    Failing to investigate or otherwise confirm or deny such facts about NASSAR, including prior arrests, charges, claims and investigations for sexual abuse;

    g.    Failing to inform, or concealing from Plaintiff's parents and law enforcement officials the fact that Plaintiff and others were or may have been sexually abused, harassed and molested, after Defendants knew or should have known NASSAR may have sexually abused Plaintiff or others, thereby enabling Plaintiff to continue to be endangered and sexually abused, harassed, molested, and/or creating the circumstance where Plaintiff and others were less likely to receive proper medical treatment, thus exacerbating the harm to Plaintiff;

    h.    Holding out NASSAR to Plaintiff, her parents, and to the community as being in good standing and trustworthy;

///

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

Exhibit A

19

i.    Cloaking NASSAR's prior sexual misconduct with children, athletes and patients within the facade of normalcy, thereby disguising the nature of his sexual abuse and contact with minors;

j.    Failing to take reasonable steps and to implement reasonable safeguards to avoid acts of unlawful sexual conduct by NASSAR such as avoiding placement of NASSAR in functions or environments in which his solitary contact with children, athletes and patients was inherent;

k.    Failing to put in place a system or procedure to supervise or monitor physicians, athletic trainers, and agents to insure they do not molest or abuse minors, athletes and patients in Defendants' care.

36.    By his position within the Defendants' institutions, NASSAR attained a position of influence over Plaintiff, and others. Defendants' conduct created a situation of peril that was not, and could not be appreciated by Plaintiff. By virtue of Defendants' conspiratorial and fraudulent conduct, and in keeping with their intent to fail to disclose and hide NASSAR's past and present conduct from the community, the public at large and law enforcement, Defendants allowed NASSAR to remain in a position of influence where his unsupervised or negligently supervised conduct with minor, athletes and/or patients made the molestation and abuse of those individuals, including the Plaintiff, possible.

37.    By his position within the Defendants' institutions, Defendants and NASSAR demanded and required that Plaintiff respect NASSAR in his position as team physician for Defendant MSU, and DOES 1 through 500.

38.    The sexual harassment and abuse of Plaintiff by NASSAR, outlined below, took place while NASSAR was an osteopathic physician employed, retained, and supervised by Defendants MSU, DOES 1 through 500, and Plaintiff was a participant, athlete and student of Defendants MSU, DOES 1 through 500, while NASSAR was serving as an agent and employee of Defendants in his capacity as a physician and faculty member:

a.    In his capacity as a team physician, a physician and faculty member with Defendants MSU and DOES 1 through 500, NASSAR was given custody and supervision of athletes and patients, including Plaintiff. NASSAR used this position to coerce athletes and patients to concede to his sexual suggestions, using his authority and position of trust to exploit them physically, sexually, and emotionally;

b.    Plaintiff became an athlete and student for Defendants MSU and DOES 1 through 500 in or around the fall of 1996. In or around the fall of 1998, after back, neck and shoulder problems, the Plaintiff formed a relationship with NASSAR, Defendants' MSU and DOES 1 through 500's physician and faculty member. Plaintiff is informed and believes NASSAR would use the guise of care, athletic training, osteopathy, and kinesiology to normalize intimate, inappropriate, and sexually

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-13-
**COMPLAINT FOR DAMAGES**

Exhibit A

20

abusive contact with Plaintiff. During this period, Plaintiff was a patient under NASSAR's direct supervision and control.

c.     Plaintiff is informed and believes NASSAR's physical and sexual abuse of Plaintiff commenced beginning in or around September of 1998 through the spring of 1999. During this period, Plaintiff was a student, athlete, and patient under NASSAR's, Defendants MSU, and DOES 1 through 500's direct supervision and control. Using his position as a physician, NASSAR would interact with Plaintiff under the guise of providing her care and treatments necessary for her to compete as a collegiate athlete. Under these circumstances, NASSAR placed his bare hand in Plaintiff's vagina, on over 10 occasions, and also massaged her bare breast with his hands, under the guise of treatment, on at least 10 occasions. Plaintiff is informed and believes that NASSAR's sexual abuse, molestation, and harassment of Plaintiff occurred on the premises of Defendants MSU and DOES 1 through 500.

d.     During these occurrences, NASSAR told Plaintiff about the need for osteopathic adjustments to correct issues Plaintiff was having with her back, neck and shoulders from training for softball for Defendants MSU and DOES 1 through 500. NASSAR told Plaintiff about the need to do an "intravaginal adjustment," a fictitious guise where the NASSAR would digitally penetrate Plaintiff's vagina in order to purportedly adjust her bones. This "intravaginal adjustment" was always done without gloves, lubricant, and/or without a chaperone, and was done for NASSAR's own sexual gratification. NASSAR would have the Plaintiff completely disrobe, except for her underwear and a robe, and he would then perform the purported intravaginal procedure. In addition, the Plaintiff is informed and believes that NASSAR would do vaginal examinations of Plaintiff and other athletes in the care of Defendants MSU and DOES 1 through 500, often without gloves, a chaperone, and/or any form of lubricant. These vaginal examinations were well outside any recognized and/or accepted technique and were done for NASSAR's own sexual gratification.

e.     NASSAR's sexual abuse and harassment of Plaintiff was done for NASSAR's personal sexual gratification, and it annoyed, disturbed, irritated, and offended Plaintiff as it would have a reasonable person. Plaintiff did not consent to the sexual abuse and harassment by NASSAR.

39.     As set forth more fully herein above, NASSAR did sexually abuse, harass and molest Plaintiff, who was a student-athlete at the time of the acts at-issue. Plaintiff is informed and believes, and on that basis alleges, that such conduct by NASSAR was based upon Plaintiff's gender, and was done for NASSAR's sexual gratification. These actions upon Plaintiff were performed by NASSAR without the free consent of Plaintiff.

40.     During the period Plaintiff was being sexually abused and harassed by NASSAR, Defendants had the authority and ability to prevent such abuse by removing NASSAR his position as team physician at Defendants MSU and DOES 1 through 500. They failed to do so, allowing the abuse to occur and to continue unabated. Plaintiff is informed and believes and on that basis alleges that this failure was a part of Defendants' conspiratorial plan and arrangement to conceal NASSAR's wrongful acts, to avoid and inhibit detection, to block public disclosure, to avoid

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-14-
**COMPLAINT FOR DAMAGES**

Exhibit A

21

scandal, to avoid the disclosure of their tolerance of child and student-athlete sexual molestation and abuse, to preserve a false appearance of propriety, and to avoid investigation and action by public authority including law enforcement. Such actions were motivated by a desire to protect the reputation of Defendants and protect the monetary support of Defendants, while fostering an environment where such abuse could continue to occur.

41. As a direct result of the sexual harassment and abuse of Plaintiff by NASSAR, Plaintiff has had difficulty in meaningfully interacting with others, including those in positions of authority over Plaintiff including physicians, athletic supervisors, and superiors at work. Plaintiff has been limited in her ability to meaningfully interact with others due to the trauma of this molestation and abuse. This inability to interact creates conflict with Plaintiff's values of trust and confidence in others, and has caused Plaintiff substantial emotional distress, anxiety, nervousness and fear. As a direct result of the sexual abuse and molestation NASSAR, Plaintiff suffered immensely, including, but not limited to, encountering issues with a lack of trust, various negative psychological and emotional sequelae, depressive symptoms, eating disorders, anxiety, and nervousness.

42. As a direct and proximate result of Defendants' tortious acts, omissions, wrongful conduct and breaches of their duties, Plaintiff's employment and professional development has been adversely affected. Plaintiff has lost wages and will continue to lose wages in an amount to be determined at trial. Plaintiff has suffered substantial economic injury, all to Plaintiff's general, special and consequential damage in an amount to be proven at trial, but in no event less than the minimum jurisdictional amount of this Court.

43. As a further direct and proximate result of Defendants' wrongful actions, as herein alleged, Plaintiff has been hurt in her health, strength and activity. Plaintiff has sustained permanent and continuing injury to her nervous system and person, which has caused and continues to cause great mental, physical and nervous pain, suffering, fright, upset, grief, worry and shock in an amount according to proof at trial but in no event less than the jurisdictional minimum requirements of this Court.

///

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

44.     As is set forth herein, Defendants and each of them have failed to uphold numerous mandatory duties required of them by state and federal law, as well as their own internal written policies and procedures, including:

- Duty to use reasonable care to protect participants and members from known or foreseeable dangers;
- Duty to enact policies and procedures that are not in contravention of the Federal Civil Rights Act, section 1983, Title IX, and the 14th amendment of the United States Constitution;
- Duty to protect participants and members and staff, and provide adequate supervision;
- Duty to ensure that any direction given to participants and members is lawful, and that adults act fairly, responsible and respectfully towards participants and members;
- Duty to properly train staff so that they are aware of their individual responsibility for creating and maintaining a safe environment;
- Duty to review the criminal history of applicants and current employees;
- Duty to provide diligent supervision over patients and athletes;
- Duty to act promptly and diligently and not ignore or minimize problems.
- Duty to report suspected incidents of sexual abuse;

45.     Defendants and each of them had and have a duty to protect participants and members, including Plaintiff. Defendants were required to, and failed, to provide adequate supervision, and failed to be properly vigilant in seeing that supervision was sufficient at Defendants MSU and DOES 1 through 500 to ensure the safety of Plaintiff and others.

46.     Despite having a duty to do so, Defendants failed to adequately train and supervise all staff to create a positive and safe environment, specifically including training to perceive, report and stop inappropriate sexual conduct by other members of the staff, specifically including NASSAR with children, athletes and patients.

47.     Defendants failed to enforce their own rules and regulations designed to protect the health and safety of the participants and members. Further, they failed to adopt and implement safety measures, policies and procedures designed to protect patients and athletes, such as Plaintiff from the sexually exploitive and abusive acts of their agents and employees such as NASSAR.

48.     In subjecting Plaintiff to the wrongful treatment herein described, Defendants NASSAR, MSU and DOES 1 through 500 acted willfully and maliciously with the intent to harm

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-16-
**COMPLAINT FOR DAMAGES**

Exhibit A
23

1    Plaintiff, and in conscious disregard of Plaintiff's rights, so as to constitute malice and/or

2    oppression under California *Civil Code* section 3294. Plaintiff is informed, and on that basis

3    alleges, that specifically, the Defendants acted in concert, and under their authority as child care

4    and medical providers, with reckless disregard for the concern of the minors, patients and/or

5    student athletes in its charge, in order to further financially benefit its business's growth. The

6    Defendants acted intentionally in creating an environment that harbored molesters, put the

7    vulnerable minors, patients, and student athletes at-risk of harm, ignored clear warning signs and

8    their duties to report sexual abusers and molesters in their ranks, to maintain a façade of normalcy,

9    in order to maintain its funding and provide further financial growth of Defendants MSU and

10   DOES 1 through 500, on the international level. The safety of the minors, student athletes, and

11   patients that were entrusted to Defendants MSU and DOES 1 through 500 and was compromised

12   due to Defendants desire to maintain the status quo of the Defendants MSU and DOES 1 through

13   500 organizations, and avoid any public scrutiny for their misconduct. Plaintiff is informed, and

14   on that basis alleges, that these willful, malicious, and/or oppressive acts, as alleged herein above,

15   were ratified by the officers, directors, and/or managing agents of the Defendants. Plaintiff is

16   therefore entitled to recover punitive damages, in an amount to be determined by the court, against

17   Defendants NASSAR, MSU and DOES 1 through 500.

18                            **STATUTE OF LIMITATIONS**

19        49.    The Plaintiff was sexually abused on more than approximately ten (10) occasions

20   by NASSAR from in or around September of 1998 through the spring of 1999, while the Plaintiff

21   was a student-athlete at Defendant MSU. The Plaintiff, who was under the age of 22 years old at

22   the time and had no medical or sports medicine training, was told by NASSAR, the Olympic

23   doctor, that he was performing legitimate medical treatment on the Plaintiff, in order to allow her

24   to participate in her sport. The Plaintiff reasonably relied upon these representations, which was

25   one of the reasons that the Plaintiff continued to receive these purported treatments on numerous

26   occasions. It was not until on or around December 22, 2016 that the Plaintiff viewed reports of

27   Ms. LOPEZ' lawsuit and public statements, that the Plaintiff knew or had reason to know that her

28   claims against Defendants MSU, NASSAR and DOES 1 through 500 had accrued and that she had

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

1   not received legitimate medical treatment from NASSAR. On or around December 22, 2016 was

2   the first time that she discovered, and could have reasonably discovered, that she had been sexually

3   assaulted and abused by NASSAR. Thus, the Plaintiff's claims accrued on or around December

4   22, 2016.

5   **FIRST CAUSE OF ACTION**
    **VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983)**

6   **(Against Defendants, NASSAR, MSU and DOES 1 through 500)**

7   50.    Plaintiff re-alleges and incorporates by reference herein each and every allegation

8   contained herein above as though fully set forth and brought in this cause of action.

9   51.    The Plaintiff's civil rights were violated by Defendant MSU, when Defendant

10  MSU, through its agents, actors and employees, intentionally concealed the Plaintiff's sexual

11  abuse, molestation and harassment by NASSAR. Plaintiff had a right to be free from gender

12  discrimination, sexual molestation, abuse and harassment under Title IX. The Plaintiff's right

13  against discrimination based on gender, under the U.S. Constitution and Fourteenth Amendment.

14  52.    The Defendant MSU, NASSAR, and DOES 1 through 500 were acting under the

15  color of their authority and in the scope of their employment, during the instances when the

16  Plaintiff was a student-athlete at Defendant MSU and DOES 1 through 500.

17  53.    The Defendant MSU employees who received the Plaintiff's complaints of sexual

18  abuse, molestation and harassment by NASSAR were acting in the performance of their official

19  duties as public employees. These Defendant MSU employees had duties, under Defendant MSU's

20  policies, procedures, and Federal mandates under Title IX, to document, investigate, record, and

21  process allegations of sexual abuse, molestation, violence, and harassment.

22  54.    Defendants MSU and DOES 1 through 500 violated the Plaintiff's right to be free

23  from gender discrimination, abuse, and harassment under the United States Constitution,

24  Fourteenth Amendment, and Title IX. Furthermore, the Plaintiff was deprived of Due Process of

25  law, when she was sexually abused and harassed and Defendant MSU employees failed to trigger

26  any report, investigation, or other action by Defendant MSU, who was required to do so, both

27  under its own policies and procedures, as well as under Federal mandate by Title IX, and the

28  ///

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

1    Fourteenth Amendment. In addition, these actions were contrary to Plaintiffs' civil rights
2    guaranteed under the Constitution of the State of California.

3        55.    Defendant MSU's toleration of the custom and practice not to investigate, report
4    and/or adequately handle allegations of sexual abuse, harassment and molestation, deprived the
5    Plaintiff of her right to be free from gender discrimination and harassment.

6        56.    As a direct and proximate result of Defendants' tortuous acts, omissions, wrongful
7    conduct and breaches of their duties, Plaintiff's employment and professional development has
8    been adversely affected. Plaintiff has lost wages and will continue to lose wages in an amount to
9    be determined at trial. Plaintiff has suffered substantial economic injury, all to Plaintiff's general,
10   special and consequential damage in an amount to be proven at trial, but in no event less than the
11   minimum jurisdictional amount of this Court.

12       57.    As a further direct and proximate result of Defendants' wrongful actions, as herein
13   alleged, Plaintiff has been hurt in her health, strength and activity. Plaintiff has sustained
14   permanent and continuing injury to her nervous system and person, which has caused and
15   continues to cause great mental, physical and nervous pain, suffering, fright, upset, grief, worry
16   and shock in an amount according to proof at trial but in no event less than the jurisdictional
17   minimum requirements of this Court.

18                    **SECOND CAUSE OF ACTION**
     **SEXUAL ABUSE AND HARASSMENT IN THE EDUCATIONAL SETTING**
19                    (*EDUCATION CODE* §220)
            **(Against Defendants NASSAR, MSU and DOES 1 through 500)**
20
21       58.    Plaintiff re-alleges and incorporates by reference herein each and every allegation
     contained herein above as though fully set forth and brought in this cause of action.
22
23       59.    Plaintiff was harmed by being subjected to sexual abuse, harassment and
24   molestation at Defendants MSU and DOES 1 through 500 because of the Plaintiff's gender and
     Defendants are responsible for that harm.
25
26       60.    The Plaintiff suffered harassment that was so severe, pervasive, and offensive that
27   it effectively deprived Plaintiff of the right of equal access to educational benefits and
     opportunities.
28
     ///

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

61.  Defendants had actual knowledge that this sexual harassment, abuse, and molestation was occurring. Specifically, Defendants MSU had knowledge of the following facts:

a. In or around 1998, another softball player at MSU (TIFFANY THOMAS LOPEZ ("Ms. LOPEZ"), Case No. BC644417) told training staff at MSU that NASSAR was conducting treatment whereby he would touch and insert his fingers into Ms. LOPEZ's vagina. These staff stated that this was part of the treatment, and that Ms. LOPEZ was to return to treatment, which she did. These staff did not report NASSAR, nor warn JANE HC DOE of these allegations, yet they allowed JANE HC DOE to continue to receive treatment;

b. In or around 1998, another athlete (in addition to Ms. LOPEZ) complained to an MSU coach regarding the treatment provided by NASSAR. That coach told that athlete that NASSAR's treatment was medically approved and that the athlete should return for treatment. This coach did not report this sexual molestation to the proper authorities, and did not warn the Plaintiff or any other athletes, about receiving further purported treatment from NASSAR. Subsequent to this report, the Plaintiff saw NASSAR for purported treatment, where she was sexually abused.

62.  In the face of this knowledge of sexual abuse, harassment, and molestation that was being perpetrated upon the Plaintiff, by NASSAR, Defendants acted with deliberate indifference towards responding to these alarms and preventing further abuse. Defendants allowed NASSAR to remain as a physician at Defendants MSU and DOES 1 through 500, to sexually harass, abuse and molest other athletes and patients. It was not until Defendants were publicly exposed in September of 2016 that NASSAR's unabated sexual harassment, molestation and abuse the Plaintiff and many other women, forced Defendants MSU and DOES 1 through 500 to remove NASSAR as a physician and employee.

63.  As a result of the above-described conduct, Plaintiff suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

64.  In subjecting the Plaintiff to the wrongful treatment herein described, Defendants MSU, NASSAR, and DOES 1 through 500, acted willfully and maliciously with the intent to harm Plaintiff, and in conscious disregard of Plaintiffs' rights, so as to constitute malice and oppression

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

Exhibit A
27

1    under California Civil Code section 3294. Plaintiffs are therefore entitled to the recovery of

2    punitive damages, in an amount to be determined by the court, against NASSAR, MSU and DOES

3    1 through 500, in a sum to be shown according to proof.

### THIRD CAUSE OF ACTION
#### TITLE IX (20 U.S.C. §1681)
#### (Against Defendants MSU and DOES 1 through 500)

6    65.    Plaintiff re-alleges and incorporates by reference herein each and every allegation

7    contained herein above as though fully set forth and brought in this cause of action.

8    66.    The Plaintiff was subjected to sexual harassment, abuse and molestation by

9    NASSAR, as a young student-athlete and medical patient at Defendants' institution.

10    67.    Defendant MSU was a public institution that received federal financial assistance

11    for its various programs, including the programs which Plaintiff participated in and which

12    supported NASSAR in his role as an employee, team doctor, physician, and faculty member at

13    Defendant MSU.

14    68.    Defendant MSU, with authority to institute corrective measures, had actual notice

15    that NASSAR posed a substantial risk of sexual abuse, harassment and molestation to minors,

16    student-athletes, patients, and other individuals who sought treatment through Defendant MSU's

17    Sports Medicine clinic. Specifically, Defendant MSU was told by other student-athletes that

18    NASSAR was molesting them, in the same fashion as the Plaintiff, but MSU never made a report

19    to law enforcement, disciplined NASSAR for this conduct, or warned the Plaintiff, thus, the

20    Plaintiff was subsequently sexually abused and harassed by NASSAR.

21    69.    Defendant MSU and DOES 1 through 500 were deliberately indifferent to the

22    substantial risk of sexual abuse, harassment, and molestation posed to minors, patients, student-

23    athletes and other individuals who came into contact with NASSAR at Defendants MSU and

24    DOES 1 through 500. After receiving notice of athletes being sexually abused by NASSAR,

25    Defendants MSU and DOES 1 through 500, through their employees, agents, and servants, ignored

26    these complaints and permitted the Plaintiff to remain in the way of harm. It was this conduct that

27    constitutes willful indifference towards the Plaintiff and other similarly situated student-athletes,

28    minors, and/or patients who would be subject to NASSAR's unfettered sexual misconduct.

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

70.     As a result of the above-described conduct, Plaintiff suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

71.     In subjecting the Plaintiff to the wrongful treatment herein described, Defendants MSU, NASSAR, and DOES 1 through 500, acted willfully and maliciously with the intent to harm Plaintiff, and in conscious disregard of Plaintiffs' rights, so as to constitute malice and oppression under California *Civil Code* section 3294. Plaintiffs are therefore entitled to the recovery of punitive damages, in an amount to be determined by the court, against NASSAR, MSU and DOES 1 through 500, in a sum to be shown according to proof. Furthermore, the Plaintiff requests the award of attorneys' fees pursuant to 42 U.S.C. § 1988.

**FOURTH CAUSE OF ACTION**
**GENDER VIOLENCE**
**(Against Defendant NASSAR)**

72.     Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

73.     NASSAR's acts committed against Plaintiff, as alleged herein, including the sexual harassment, molestation and abuse of the Plaintiff constitutes gender violence and a form of sex discrimination in that one or more of NASSAR's acts would constitute a criminal offense under state law that has as an element the use, attempted use, or threatened use of physical force against the person of another, committed at least in part based on the gender of the victim, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction.

74.     NASSAR's acts committed against Plaintiff, as alleged herein, including the sexual harassment, molestation and abuse of the Plaintiff constitutes gender violence and a form of sex discrimination in that NASSAR's conduct caused a physical intrusion or physical invasion of a

///

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-22-
**COMPLAINT FOR DAMAGES**

Exhibit A
29

1  sexual nature upon Plaintiff under coercive conditions, whether or not those acts have resulted in

2  criminal complaints, charges, prosecution, or conviction.

3      75.    As a proximate result of NASSAR's acts, Plaintiff is entitled to actual damages,

4  compensatory damages, punitive damages, injunctive relief, any combination of those, or any other

5  appropriate relief. Plaintiff is also entitled to an award of attorney's fees and costs pursuant to *Civil*

6  *Code* § 52.4, against NASSAR.

### FIFTH CAUSE OF ACTION
### SEXUAL HARASSMENT (*CIVIL CODE* §51.9)
### (Against Defendants MSU and DOES 1 through 500)

9      76.    Plaintiff re-alleges and incorporates by reference herein each and every allegation

10  contained herein above as though fully set forth and brought in this cause of action.

11      77.    During Plaintiff's time as student athlete at Defendants MSU and DOES 1 through

12  500, NASSAR intentionally, recklessly and wantonly made sexual advances, solicitations,

13  requests, demands for sexual compliance of a hostile nature based on Plaintiff's gender that were

14  unwelcome, pervasive and severe, including but not limited to NASSAR groping and fondling the

15  Plaintiff's vagina, all under the supervision of Defendants, who were acting in the course and scope

16  of their agency with Defendants and each of them.

17      78.    The incidents of abuse outlined herein above took place while Plaintiff was under

18  the control of NASSAR and Defendants MSU and DOES 1 through 500, in their capacity and

19  position as supervisors of team physicians, athletic trainers, and staff at Defendants MSU and

20  DOES 1 through 500, and while acting specifically on behalf of Defendants.

21      79.    During Plaintiff's time as a student-athlete at Defendants MSU and DOES 1 through

22  500, NASSAR intentionally, recklessly and wantonly did acts which resulted in harmful and

23  offensive contact with intimate parts of Plaintiff's person, including but not limited to, using his

24  position of authority and age to force Plaintiff to give into NASSAR's sexual suggestions.

25      80.    Because of Plaintiff's relationship with NASSAR and Defendants MSU and DOES

26  1 through 500, and Plaintiff's young age as a full-ride scholarship collegiate student athlete,

27  Plaintiff was unable to easily terminate the relationship she had with the Defendants.

28  ///

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-23-
**COMPLAINT FOR DAMAGES**

Exhibit A

30

81. Because of NASSAR's age and position of authority, physical seclusion of the Plaintiff, Plaintiff's mental and emotional state, and Plaintiff's young age, Plaintiff was unable to, and did not and could not, give consent to such acts.

82. Even though the Defendants knew or should have known of these activities by NASSAR, Defendants did nothing to investigate, supervise or monitor NASSAR to ensure the safety of the patients, student-athletes, and/or minors in their charge.

83. Because of Plaintiff's relationship with Defendants, as a student-athlete of Defendants, and Plaintiff's young age, Plaintiff was unable to easily terminate the doctor-patient relationship she had with Defendants.

84. A corporation is a "person" within meaning of *Civil Code* section 51.9, which subjects persons to liability for sexual harassment within a business, service or professional relationship, and such an entity defendant may be held liable under this statute for the acts of its employees. *C.R. v. Tenet Healthcare Corp.*, (2009) 169 Cal.App.4th 1094. Further, principles of ratification apply when the principal ratifies the agent's originally unauthorized harassment, as is alleged to have occurred herein.

85. Defendants' conduct (and the conduct of their agents) was a breach of their duties to Plaintiff.

86. As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## SIXTH CAUSE OF ACTION
### SEXUAL ASSAULT
### (Against Defendant NASSAR)

87. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-24-

COMPLAINT FOR DAMAGES

Exhibit A

31

88.     NASSAR, in doing the things herein alleged, including intending to subject Plaintiff to numerous instances of sexual abuse and molestation during Plaintiff's time with Defendants MSU and DOES 1 through 500, beginning on or around September of 1998, and lasting until in or around Spring of 1999, including but not limited to instances of NASSAR groping and inserting his fingers into the Plaintiff's vagina and groping her breasts, all while NASSAR acted in the course and scope of his agency/employment with Defendants, and each of them and were intended to cause harmful or offensive contact with Plaintiff's person, or intended to put Plaintiff in imminent apprehension of such contact.

89.     In doing the things herein alleged, Plaintiff was put in imminent apprehension of a harmful or offensive contact by NASSAR and actually believed NASSAR had the ability to make harmful or offensive contact with Plaintiff's person.

90.     Plaintiff did not consent to NASSAR intended harmful or offensive contact with Plaintiff's person, or intent to put Plaintiff in imminent apprehension of such contact.

91.     In doing the things herein alleged, NASSAR violated Plaintiff's right, pursuant to *Civil Code* section 43, of protection from bodily restraint or harm, and from personal insult. In doing the things herein alleged, NASSAR violated his duty, pursuant to *Civil Code* section 1708, to abstain from injuring the person of Plaintiff or infringing upon his rights.

92.     As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

93.     Plaintiff is informed and based thereon alleges that the conduct of Defendants was oppressive, malicious and despicable in that it was intentional and done in conscious disregard for the rights and safety of others, and were carried out with a conscious disregard of her right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-25-

COMPLAINT FOR DAMAGES

Exhibit A

32

California *Civil Code* section 3294, entitling Plaintiff to punitive damages against Defendants in an amount appropriate to punish and set an example of Defendants.

### SEVENTH CAUSE OF ACTION
### SEXUAL BATTERY: *Civil Code* § 1708.5
### (Against Defendant NASSAR)

94.    Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

95.    During Plaintiff's time as a student athlete with Defendants MSU and DOES 1 through 500, NASSAR intentionally, recklessly and wantonly did acts which were intended to, and did result in harmful and offensive contact with intimate parts of Plaintiff's person, including but not limited to being subjected to numerous instances of sexual abuse by NASSAR, during Plaintiff's time with Defendants MSU and DOES 1 through 500, beginning on or around September of 1998, and lasting until the spring of 1999, including but not limited to instances of NASSAR groping and fondling the Plaintiff's vagina, and groping and fondling her breasts, all while NASSAR acted in the course and scope of his agency/employment with Defendants, and each of them.

96.    NASSAR did the aforementioned acts with the intent to cause a harmful or offensive contact with an intimate part of Plaintiff's person, and would offend a reasonable sense of personal dignity. Further, said acts did cause a harmful or offensive contact with an intimate part of Plaintiff's person that would offend a reasonable sense of personal dignity.

97.    Because of NASSAR's position of authority over Plaintiff, and Plaintiff's mental and emotional state, and Plaintiff's young age, Plaintiff did not give meaningful consent to such acts.

98.    As a direct, legal and proximate result of the acts of NASSAR, Plaintiff sustained serious and permanent injuries to her person, all of his damage in an amount to be shown according to proof and within the jurisdiction of the Court.

99.    As a direct result of the sexual abuse by NASSAR, Plaintiff has difficulty in reasonably or meaningfully interacting with others, including those in positions of authority over Plaintiff including teachers, and supervisors, and in intimate, confidential and familial

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

Exhibit A

33

relationships, due to the trauma of the sexual abuse inflicted upon her by Defendants. This inability

to interact creates conflict with Plaintiff's values of trust and confidence in others, and has caused

Plaintiff substantial emotional distress, anxiety, nervousness and fear. As a direct result of the

sexual abuse and molestation by NASSAR, Plaintiff suffered immensely, including, but not limited

to, encountering issues with a lack of trust, various psychological sequelae, depressive symptoms,

anxiety, nervousness, and self-medicating behavior.

100.    Plaintiff is informed and based thereon alleges that the conduct of NASSAR was

oppressive, malicious and despicable in that it was intentional and done in conscious disregard for

the rights and safety of others, and were carried out with a conscious disregard of her right to be

free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to

California *Civil Code* section 3294, entitling Plaintiff to punitive damages against NASSAR in an

amount appropriate to punish and set an example of NASSAR.

### EIGHTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES (*BUSINESS & PROFESSIONS CODE* §17200)
### (Against Defendants MSU, NASSAR and DOES 1 through 500)

101.    Plaintiff re-alleges and incorporates by reference herein each and every allegation

contained herein above as though fully set forth and brought in this cause of action.

102.    Plaintiff is informed and believes and on that basis alleges that NASSAR and

Defendants MSU and DOES 1 through 500 have engaged in unlawful, unfair and deceptive

business practices including allowing NASSAR to engage in repeated harassment of participants

and members, including Plaintiff, and failing to take all reasonable steps to prevent harassment

and abuse from occurring. The unlawful, unfair and deceptive business practices also included

failing to adequately investigate, vet, and evaluate individuals for employment with Defendants

MSU and DOES 1 through 500, refusing to design, implement, and oversee policies regarding

sexual harassment and abuse of children, students, athletes, and patients in a reasonable manner

that is customary in similar educational environments. Plaintiff is informed and believes and on

that basis alleges that NASSAR and Defendants MSU and DOES 1 through 500, have engaged in

unlawful, unfair and deceptive business practices including concealing sexual harassment, abuse

and/or molestation claims by students, minors, and athletes, such as Plaintiff, so as to retain other

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

Exhibit A

34

1   similarly situated individuals within Defendants MSU and DOES 1 through 500 who were not

2   apprised of such illicit sexual misconduct by NASSAR.

3        103.    Plaintiff is informed and believes that Defendants engaged in a common scheme,

4   arrangement or plan to actively conceal allegations against sexual abusers who were employees,

5   agents, members, and/or participants at Defendants MSU and DOES 1 through 500, including

6   NASSAR, such that Defendants MSU and DOES 1 through 500 could maintain their public image,

7   and avoid detection of such abuse and abusers. Plaintiff is informed and believes and thereon

8   alleges that Defendants actively concealed these allegations, such that Defendants would be

9   insulated from public scrutiny, governmental oversight, and/or investigation from various law

10   enforcement agencies, all done in order to maintain the false sense of safety for participants and

11   their families and to perpetuate the program financially.

12        104.    By engaging in unlawful, unfair and deceptive business practices, NASSAR and

13   Defendants MSU and DOES 1 through 500 benefitted financially to the detriment of its

14   competitors, who had to comply with the law.

15        105.    Unless restrained, Defendants MSU and DOES 1 through 500 will continue to

16   engage in the unfair acts and business practices described above, resulting in great and irreparable

17   harm to Plaintiff and/or other similarly situated participants and members.

18        106.    Plaintiff seeks restitution for all amounts improperly obtained by NASSAR and

19   Defendants MSU and DOES 1 through 500 through the use of the above-mentioned unlawful

20   business practices, as well as the disgorgement of all ill-gotten gains and restitution on behalf of

21   Plaintiff and all other similarly situated students, patients and athletes who were also subjected to

22   the NASSAR and Defendants MSU and DOES 1 through 500 illegal and unfair business practices.

23        107.    Pursuant to section 17203 of the California *Business and Professions Code* and

24   available equitable powers, Plaintiff is entitled to a preliminary and permanent injunction,

25   enjoining NASSAR, Defendants MSU and DOES 1 through 500 from continuing the unlawful and

26   unfair business practices described above. Further, Plaintiff seeks the appointment of a court

27   monitor to enforce its orders regarding client safety. In addition, Plaintiff is entitled to recover

28   ///

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9900

-28-
COMPLAINT FOR DAMAGES

Exhibit A
35

reasonable attorneys' fees pursuant to the California *Business and Professions Code* and section 1021.5 of the *California Code of Civil Procedure*.

### NINTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against Defendants MSU, NASSAR and DOES 1 through 500)

108.    Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

109..   Defendants NASSAR, MSU and DOES 1 through 500's conduct toward Plaintiff, as described herein, was outrageous and extreme.

110.    A reasonable person would not expect or tolerate the sexual harassment, molestation and abuse of Plaintiff by NASSAR, and Defendants' knowledge and callous indifference thereof. Plaintiff had great trust, faith and confidence in in Defendants, which, by virtue of NASSAR and Defendants' wrongful conduct, turned to fear.

111.    A reasonable person would not expect or tolerate Defendants putting NASSAR who was known to Defendants to have physically and sexually abused other patients, students, and athletes, in a position of care of Plaintiff and other patients, student-athletes, and/or minors, which enabled NASSAR to have access to other patients, student-athletes, and/or minors so that he could commit wrongful sexual acts, including the conduct described herein, with minors, including Plaintiff. Plaintiff had great trust, faith and confidence in Defendants, which, by virtue of Defendants' wrongful conduct, turned to fear.

112.    A reasonable person would not expect or tolerate the Defendants and their agents to be incapable of supervising and/or stopping participants and members of Defendants, including NASSAR, from committing wrongful sexual acts with other patients, student-athletes, and/or minors, including Plaintiff, or to supervise NASSAR. Plaintiff had great trust, faith and confidence in Defendants, which, by virtue of Defendants' wrongful conduct, turned to fear.

113.    Defendants' conduct described herein was intentional and malicious and done for the purpose of causing or with the substantial certainty that Plaintiff would suffer humiliation, mental anguish, and emotional and physical distress.

///

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

114.   As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

115.   In subjecting Plaintiff to the wrongful treatment herein described, Defendants NASSAR, MSU and DOES 1 through 500 acted willfully and maliciously with the intent to harm Plaintiff, and in conscious disregard of Plaintiff's rights, so as to constitute malice and/or oppression under California *Civil Code* section 3294. Plaintiff is informed, and on that basis alleges, that these willful, malicious, and/or oppressive acts, as alleged herein above, were ratified by the officers, directors, and/or managing agents of the Defendants. Plaintiff is therefore entitled to recover punitive damages, in an amount to be determined by the court, against NASSAR, MSU and DOES 1 through 500.

## TENTH CAUSE OF ACTION
## CONSTRUCTIVE FRAUD
### (Against Defendants MSU, NASSAR and DOES 1 through 500)

116.   Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

117.   By holding NASSAR out as an agent of Defendants, and by allowing him to undertake the physical care and athletic training of young athletes and patients such as Plaintiff, Defendants entered into a confidential, fiduciary, and special relationship with Plaintiff.

118.   By holding themselves out as a preeminent collegiate facility, athletic program, and educational institution, and facilitating competition both nationally and internationally of Plaintiff and other athletes, Defendants entered into a confidential, fiduciary and special relationship with Plaintiff.

119.   Defendants breached their confidential, fiduciary duty and special duties to Plaintiff by the wrongful and negligent conduct described above and incorporated into this cause of action,

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-30-

**COMPLAINT FOR DAMAGES**

Exhibit A

37

1    and in so doing, gained an advantage over Plaintiff in matters relating to Plaintiff's safety, security

2    and health. In particular, in breaching such duties as alleged, Defendants were able to sustain their

3    status as an institution of high moral repute, and preserve their reputation, all at the expense of

4    Plaintiff's further injury and in violation of Defendants' mandatory duties.

5          120.    By virtue of their confidential, fiduciary and special relationship with Plaintiff,

6    Defendants owed Plaintiff a duty to:

7          a.      Investigate or otherwise confirm or deny such claims of sexual abuse;

8          b.      Reveal such facts to Plaintiff, Plaintiff's family and caretakers, the sports
                   medicine community, the community at large, the NCAA, and law enforcement
9                  agencies;

10         c.      Refuse to place NASSAR and other molesters in positions of trust and authority
                   within Defendants' institutions;
11

12         d.      Refuse to hold out NASSAR and other molesters to the public, the community,
                   parents and law enforcement agencies as being in good standing and, trustworthy
13                 in keeping with him and his position as a physician, faculty member and authority
                   figure;
14
           e.      Refuse to assign NASSAR and other molesters to positions of power within
15                 Defendants MSU and DOES 1 through 500, and over young student athletes; and

16         f.      Disclose to Plaintiff, her family, the public, the school community, and law
                   enforcement agencies the wrongful, tortious, and sexually exploitive acts that
17                 NASSAR had engaged in with patients, students, and athletes.

18         121.    Defendants' breach of their respective duties included:

19         a.      Not making reasonable investigations of NASSAR;

20         b.      Issuing no warnings about NASSAR;

21         c.      Permitting NASSAR to routinely be alone with and in control of patients,
                   students, and athletes, unsupervised;
22

23         d.      Not adopting a policy to prevent NASSAR from routinely having patients,
                   athletes, and students in his unsupervised control;

24         e.      Making no reports of any allegations of NASSAR's abuse of students or athletes,
                   or of minors prior to or during his employment and/or agency at Defendants MSU
25                 and DOES 1 through 500; and

26         f.      Assigning and continuing to assign NASSAR to duties which placed him in
                   positions of authority and trust over other patients, student-athletes, and/or
27                 minors, positions in which NASSAR could easily isolate and sexually abuse other
                   patients, student-athletes, and/or minors.

28    ///

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-31-

Exhibit A

38

122.   At the time that Defendants engaged in such suppression and concealment of acts, such acts were done for the purpose of causing Plaintiff to forbear on her rights.

123.   Defendants' misconduct did reasonably cause Plaintiff to forbear on Plaintiff's rights.

124.   The misrepresentations, suppressions and concealment of facts by Defendants were intended to and were likely to mislead Plaintiff and others to believe that Defendants had no knowledge of any charges against NASSAR, or that there were no other charges of unlawful or sexual misconduct against NASSAR or others and that there was no need for them to take further action or precaution.

125.   The misrepresentations, suppressions and concealment of facts by Defendants was likely to mislead Plaintiff and others to believe that Defendants had no knowledge of the fact that NASSAR was a molester, and was known to commit wrongful sexual acts with student-athletes and patients, including Plaintiff.

126.   Defendants knew or should have known at the time they suppressed and concealed the true facts regarding others' sexual molestations, that the resulting impressions were misleading.

127.   Defendants suppressed and concealed the true facts regarding NASSAR with the purpose of: preventing Plaintiff, Plaintiff's parents & family, and others, from learning that NASSAR and others had been and were continuing to sexually harass, molest and abuse patients, student-athletes, and/or minors under NASSAR and Defendants' control, direction, and guidance, with complete impunity; inducing people, including Plaintiff and other benefactors and donors to participate and financially support Defendants' program and other enterprises of Defendants; preventing further reports and outside investigations into NASSAR and Defendants' conduct; preventing discovery of Defendants' own conduct; avoiding damage to the reputations of Defendants; protecting Defendants' power and status in the community and the gymnastics community; avoiding damage to the reputation of Defendants, or Defendants' institutions; and avoiding the civil and criminal liability of Defendants, of NASSAR, and of others.

128.   At all times mentioned herein, Defendants, and in particular Defendants NASSAR, MSU and DOES 1 and DOES 1 through 500, with knowledge of the tortious nature of their own

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

Exhibit A
39

1  and NASSAR conduct, knowingly conspired and gave each other substantial assistance to

2  perpetrate the misrepresentations, fraud and deceit alleged herein—covering up the past

3  allegations of sexual misconduct lodged against NASSAR, and allowing NASSAR to remain in

4  his position as a physician, faculty member and team doctor, so they could maintain their

5  reputations and continue with their positions within the organization.

6      129.   Plaintiff and others were misled by Defendants' suppressions and concealment of

7  facts, and in reliance thereon, were induced to act or induced not to act, exactly as intended by

8  Defendants. Specifically, Plaintiff and Plaintiff's family were induced to believe that there were

9  no allegations of criminal or sexual abuse against NASSAR and that he was safe to be around

10  student-athletes, and patients. Had Plaintiff and her family, and others, known the true facts about

11  NASSAR, they would have not participated further in activities of Defendants, or continued to

12  financially support Defendants' activities. They would have reported the matters to the proper

13  authorities, to other student-athletes, patients and their parents so as to prevent future recurrences;

14  they would not have allowed their children, including Plaintiff, to be alone with, or have any

15  relationship with NASSAR; they would not have allowed children, including Plaintiff, to attend

16  or be under the control of Defendants; they would have undertaken their own investigations which

17  would have led to discovery of the true facts; and they would have sought psychological counseling

18  for Plaintiff, and for other student-athletes and patients, who had been abused by NASSAR.

19      130.   By giving NASSAR the position of physician, team doctor, and faculty member,

20  Defendants impliedly represented that NASSAR was safe and morally fit to give medical care and

21  provide osteopathic adjustments.

22      131.   When Defendants made these affirmative or implied representations and non-

23  disclosures of material facts, Defendants knew or should have known that the facts were otherwise.

24  Defendants knowingly and intentionally suppressed the material facts that NASSAR, had on

25  numerous, prior occasions sexually, physically, and mentally abused minors, student-athletes, and

26  patients of Defendants, including Plaintiff, and knew of or learned of conduct, or should have

27  known of conduct by NASSAR which placed Defendants on notice that NASSAR had previously

28  ///

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone (949) 752-2999

-33-

**COMPLAINT FOR DAMAGES**

Exhibit A

40

1    been suspected of felonies, including unlawful sexual conduct with patients, student-athletes,

2    and/or minors, and was likely sexually abusing student-athletes, patients, and minors in his care.

3        132.   Because of Plaintiff's young age, and because of the status of NASSAR as a trusted,

4    authority figure to Plaintiff, Plaintiff was vulnerable to NASSAR. NASSAR sought Plaintiff out,

5    and was empowered by and accepted Plaintiff's vulnerability. Plaintiff's vulnerability also

6    prevented Plaintiff from effectively protecting herself from the sexual advances of NASSAR.

7        133.   Defendants had the duty to obtain and disclose information relating to sexual

8    misconduct of NASSAR.

9        134.   Defendants misrepresented, concealed or failed to disclose information relating to

10   sexual misconduct of NASSAR.

11       135.   Defendants knew that they had misrepresented, concealed or failed to disclose

12   information related to sexual misconduct of NASSAR.

13       136.   Plaintiff justifiably relied upon Defendants for information relating to sexual

14   misconduct of NASSAR.

15       137.   Defendants NASSAR, MSU and DOES 1, and DOES 1 through 500, in concert

16   with each other and with the intent to conceal and defraud, conspired and came to a meeting of the

17   minds whereby they would misrepresent, conceal or fail to disclose information relating to the

18   sexual misconduct of NASSAR, the inability of Defendants to supervise or stop NASSAR from

19   sexually harassing, molesting and abusing Plaintiff, and their own failure to properly investigate,

20   supervise and monitor his conduct with minors, student-athletes, and patients.

21       138.   By so concealing, Defendants committed at least one act in furtherance of the

22   conspiracy.

23       139.   As a result of the above-described conduct, Plaintiff has suffered and continues to

24   suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional

25   distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of

26   enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be

27   prevented from performing daily activities and obtaining the full enjoyment of life; will sustain

28   ///

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-34-

**COMPLAINT FOR DAMAGES**

Exhibit A

41

1  loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for

2  medical and psychological treatment, therapy, and counseling.

3      140.   In addition, when Plaintiff finally discovered the fraud of Defendants, and

4  continuing thereafter, Plaintiff experienced recurrences of the above-described injuries. Plaintiff

5  experienced extreme and severe mental anguish and emotional distress that Plaintiff had been the

6  victim of Defendants' fraud; that Plaintiff had not been able to help other patients, student-athletes,

7  and/or minors from being molested because of the fraud, and that Plaintiff had not been able

8  because of the fraud to receive timely medical treatment needed to deal with the problems Plaintiff

9  had suffered and continues to suffer as a result of the sexual harassment, molestation and abuse.

10      141.   In subjecting Plaintiff to the wrongful treatment herein described, Defendants

11  NASSAR, MSU and DOES 1, and DOES 1 through 500 acted willfully and maliciously with the

12  intent to harm Plaintiff, and in conscious disregard of Plaintiff's rights, so as to constitute malice

13  and/or oppression under California *Civil Code* section 3294. Plaintiff is informed, and on that basis

14  alleges, that these willful, malicious, and/or oppressive acts, as alleged herein above, were ratified

15  by the officers, directors, and/or managing agents of the Defendants. Plaintiff is therefore entitled

16  to recover punitive damages, in an amount to be determined by the court, against Defendants

17  NASSAR, MSU and DOES 1, and DOES 1 through 500.

18       **ELEVENTH CAUSE OF ACTION**

         **NEGLIGENCE**

19  **(Against Defendants MSU and DOES 1 through 500)**

20      142.   Plaintiff re-alleges and incorporates by reference herein each and every allegation

21  contained herein above as though fully set forth and brought in this cause of action.

22      143.   Prior to and after the first incident of NASSAR sexual harassment, molestation and

23  abuse of Plaintiff, through the present, Defendants, knew and/or should have known that NASSAR

24  had and was capable of sexually, physically, and mentally abusing and harassing Plaintiff or other

25  victims.

26      144.   Defendants and each of them had special duties to protect the Plaintiff and the

27  young student-athletes and patients, when such individuals were entrusted to Defendants' care.

28  Plaintiff's care, welfare and physical custody was entrusted to Defendants. Defendants voluntarily

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

Exhibit A
42

accepted the entrusted care of Plaintiff. As such, Defendants owed Plaintiff, a young student-athlete and medical patient, a special duty of care that adults and medical professionals dealing with children, vulnerable medical patients and young student-athletes, owe to protect them from harm. The duty to protect and warn arose from the special, trusting, confidential, and fiduciary relationship between Defendants and Plaintiff.

145.     Defendants breached their duties of care to the Plaintiff by allowing NASSAR to come into contact with the Plaintiff and other student-athletes and patients, as well as minors, without supervision; by failing to adequately hire, supervise and retain NASSAR whom they permitted and enabled to have access to Plaintiff; by concealing from Plaintiff, her family, and law enforcement that NASSAR was sexually harassing, molesting and abusing patients, student-athletes, and/or minors; and by holding NASSAR out to Plaintiff and her family as being of high moral and ethical repute, in good standing and trustworthy.

146.     Defendants breached their duties to Plaintiff by failing to investigate or otherwise confirm or deny such facts of sexual abuse by NASSAR, failing to reveal such facts to Plaintiff, her parents, the community and law enforcement agencies, and by placing NASSAR into a position of trust and authority, holding him out to Plaintiff, her parents, and the public as being in good standing and trustworthy.

147.     Defendants breached their duty to Plaintiff by failing to adequately monitor and supervise NASSAR and failing to prevent NASSAR from committing wrongful sexual acts with student-athletes and medical patients, including Plaintiff. Defendants' voluminous past records of sexual misconduct by NASSAR caused Defendants to know, or gave them information where they should have known, of NASSAR's incapacity to serve as a team physician, physician, and faculty member at Defendants' institutions, providing for the physical care of young females.

148.     As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

Exhibit A
43

loss of earnings and earning capacity, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## TWELFTH CAUSE OF ACTION
### NEGLIGENT SUPERVISION
#### (Against Defendants MSU and DOES 1 through 500)

149.    Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

150.    By virtue of Plaintiff's special relationship with Defendants, and Defendants' relation to NASSAR, Defendants owed Plaintiff a duty to provide reasonable supervision of NASSAR, to use reasonable care in investigating NASSAR background, and to provide adequate warning to Plaintiff, Plaintiff's family, and other patients, student-athletes, and/or minors of NASSAR dangerous propensities and unfitness. As organizations and individuals responsible for, and entrusted with, the welfare of patients, student-athletes, and/or minors, Defendants MSU and DOES 1 through 500 had a duty to protect, supervise, and monitor both the Plaintiff from being preyed upon by sexual predators, and to supervise and monitor NASSAR such that he would not be placed in seclusion with vulnerable medical patients and student-athletes, including the Plaintiff.

151.    As representatives of Defendants MSU and DOES 1 through 500, where many of the student-athletes and patients thereof are vulnerable young women entrusted to these Defendants, these Defendants' agents expressly and implicitly represented that team physicians, faculty and staff, including NASSAR, were not a sexual threat to those individuals and others who would fall under NASSAR influence, control, direction, and care.

152.    Defendants, by and through their respective agents, servants and employees, knew or should have known of NASSAR dangerous and exploitive propensities and that NASSAR was an unfit agent. Despite such knowledge, Defendants negligently failed to supervise NASSAR in his position of trust and authority as a team physician, physician, faculty member and authority figure over student-athletes, patients and young women, where he was able to commit wrongful acts of sexual misconduct against Plaintiff. Defendants failed to provide reasonable supervision of NASSAR, failed to use reasonable care in investigating NASSAR, and failed to provide adequate

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-37-

**COMPLAINT FOR DAMAGES**

Exhibit A

44

warning to Plaintiff and Plaintiff's family of NASSAR dangerous propensities and unfitness. Defendants further failed to take reasonable steps to ensure the safety of patients and student-athletes, including Plaintiff, from sexual harassment, molestation, and abuse.

153. At no time during the periods of time alleged did Defendants have in place a reasonable system or procedure to investigate, supervise and monitor the team physician, physician, faculty member or staff, including NASSAR, to prevent pre-sexual grooming and sexual harassment, molestation and abuse of those individuals, nor did they implement a system or procedure to oversee or monitor conduct toward patients and others in Defendants' care.

154. Defendants were aware or should have been aware of how vulnerable medical patients, and young student-athletes were to sexual harassment, molestation and abuse by physicians, team doctors, faculty members and other persons of authority within Defendants' entities.

155. Defendants were put on notice, knew and/or should have known that NASSAR had previously engaged and was continuing to engage in unlawful sexual conduct with minors, patients, and/or student-athletes, and had committed other felonies, for his own personal sexual gratification, and that it was foreseeable that he was engaging, or would engage in illicit sexual activities with Plaintiff, and others, under the cloak of the authority, confidence, and trust, bestowed upon him through Defendants.

156. Defendants were placed on actual or constructive notice that NASSAR had molested other minors, patients, and student-athletes during his employment with Defendants. Defendants were informed of molestations of minors, student-athletes and/or patients committed by NASSAR prior to Plaintiff's sexual abuse, and of conduct by NASSAR that would put a reasonable person on notice of such propensity to molest and abuse children.

157. Even though Defendants knew or should have known of these illicit sexual activities by NASSAR, Defendants did not reasonably investigate, supervise or monitor NASSAR to ensure the safety of the minors, patients, and/or student-athletes

158. Defendants' conduct was a breach of their duties to Plaintiff.

159. Defendants, and each of them, breached their duty to Plaintiff by, *inter alia*, by failing to adequately monitor and supervise NASSAR and stop NASSAR from committing wrongful sexual acts with minors, patients, and/or student-athletes, including Plaintiff.

160. As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## NEGLIGENCE *PER SE*-CONDUCT IN VIOLATION OF MANDATED REPORTING LAWS

161. Under applicable law, Defendants, by and through their employees and agents, were medical care providers and were under a statutory duty to report known or suspected incidents of sexual molestation or abuse of minors, patients, student-athletes or any individuals in their care to the appropriate authorities, and not to impede the filing of any such report.

162. Defendants knew or should have known that their team doctor, physician and faculty member, NASSAR, and other staff of Defendants, had sexually molested, abused or caused touching, battery, harm, and/or other injuries to minors, patients and/or student-athletes including Plaintiff, giving rise to a duty to report such conduct.

163. Defendants knew, or should have known, in the exercise of reasonable diligence, that an undue risk to minors, patients, and/or student-athletes, including Plaintiff, existed because Defendants did not comply with mandatory reporting requirements.

164. By failing to report the continuing molestations and abuse by NASSAR, which Defendants knew or should have known about, and by ignoring the fulfillment of the mandated compliance with the reporting requirements, Defendants created the risk and danger contemplated by the applicable mandated reporting laws, and as a result, unreasonably and wrongfully exposed Plaintiff and other patients, student-athletes, and/or minors to sexual molestation and abuse.

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

165. Plaintiff was a member of the class of persons for whose protection applicable mandated reporting laws were specifically adopted to protect.

166. Had Defendants adequately reported the molestation of Plaintiff and other patients, and/or student-athletes as required by applicable mandated reporting laws, further harm to Plaintiff and other individuals would have been avoided.

167. As a proximate result of Defendants' failure to follow the mandatory reporting requirements, Defendants wrongfully denied Plaintiff and other minors the intervention of law enforcement and the appropriate authorities. Such public agencies would have changed the then-existing arrangements and conditions that provided the access and opportunities for the molestation of Plaintiff by NASSAR.

168. The physical, mental, and emotional damages and injuries resulting from the sexual molestation of Plaintiff by NASSAR, were the type of occurrence and injuries that the applicable mandated reporting laws were designed to prevent.

169. As a result, Defendants' failure to comply with the mandatory reporting requirements constituted a per se breach of Defendants' duties to Plaintiff.

170. Defendants, and each of them, breached their duty to Plaintiff by, inter alia, by failing to adequately monitor and supervise NASSAR and stop NASSAR from committing wrongful sexual acts with minors, patients, and/or student-athletes, including Plaintiff.

171. As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

**THIRTEENTH CAUSE OF ACTION**
**NEGLIGENT HIRING/RETENTION**
**(Against Defendants MSU and DOES 1 through 500)**

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

172. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

173. By virtue of Plaintiff's special relationship with Defendants, and Defendants' relation to NASSAR, Defendants owed Plaintiff a duty to not hire or retain, given his dangerous and exploitive propensities, which Defendants knew or should have known about had they engaged in a reasonable, meaningful and adequate investigation of her background prior to his hiring or retaining her in subsequent positions of employment.

174. Defendants expressly and implicitly represented that the team staff, physicians, trainers, faculty members, and team physicians, including NASSAR, were not a sexual threat to minors, patients, and/or student-athletes and others who would fall under NASSAR influence, control, direction, and guidance.

175. At no time during the periods of time alleged did Defendants have in place a reasonable system or procedure to investigate, supervise and monitor team staff, physicians, faculty members, trainers, and team doctors, including NASSAR, to prevent pre-sexual grooming or sexual harassment, molestation and abuse of minors, patients, and/or student-athletes, nor did they implement a system or procedure to oversee or monitor conduct toward minors, patients, student-athletes, and/or others in Defendants' care.

176. Defendants were aware or should have been aware and understand how vulnerable minors, young patients, and/or student-athletes were to sexual harassment, molestation and abuse by faculty members, physicians, team doctors, and other persons of authority within the control of Defendants prior to Plaintiff's sexual abuse by NASSAR.

177. Defendants were put on notice, and should have known that NASSAR had previously engaged and continued to engage in unlawful sexual conduct with minors, patients, and/or student-athletes, and was committing other felonies, for his own personal gratification, and that it was, or should have known it would have been foreseeable that he was engaging, or would engage in illicit sexual activities with Plaintiff, and others, under the cloak of his authority, confidence, and trust, bestowed upon her through Defendants.

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

Exhibit A
48

178.    Defendants were placed on actual or constructive notice that NASSAR had molested or was molesting minors, patients, and/or student-athletes, both before his employment within Defendants, and during that employment. Defendants had knowledge of inappropriate conduct and molestations committed by NASSAR before and during his employment, yet chose to allow him to remain unsupervised where he sexually abused Plaintiff.

179.    Even though Defendants knew or should have known of these sexually illicit activities by NASSAR, Defendants failed to use reasonable care in investigating NASSAR and did nothing to reasonably investigate, supervise or monitor NASSAR to ensure the safety of the minors, patients, and/or student-athletes.

180.    Defendants' conduct was a breach of their duties to Plaintiff.

181.    As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## FOURTEENTH CAUSE OF ACTION
### NEGLIGENT FAILURE TO WARN, TRAIN, or EDUCATE
### (Against Defendants MSU and DOES 1 through 500)

182.    Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

183.    Defendants owed Plaintiff a duty to take reasonable protective measures to protect Plaintiff and other minors, patients, and/or student-athletes from the risk of sexual harassment, molestation and abuse by NASSAR by properly warning, training or educating Plaintiff and other about how to avoid such a risk.

184.    Defendants breached their duty to take reasonable protective measures to protect Plaintiff and other patients and student-athletes from the risk of sexual harassment, molestation and abuse by NASSAR, such as the failure to properly warn, train or educate Plaintiff and other

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

Exhibit A
49

minors, patients, and/or student-athletes about how to avoid such a particular risk that NASSAR posed—of sexual misconduct.

185.   Defendants breached their duty to take reasonable protective measures to protect Plaintiff and other patients and student-athletes from the risk of sexual harassment, molestation and abuse by NASSAR, by failing to supervise and stop employees of Defendants, including NASSAR, from committing wrongful sexual acts with minors, patients, and/or student-athletes, including Plaintiff.

186.   As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

**WHEREFORE**, Plaintiff prays for a jury trial and for judgment against Defendants as follows:

## FOR ALL CAUSES OF ACTION

1.   For past, present and future non-economic damages in an amount to be determined at trial;

2.   For past, present and future special damages, including but not limited to past, present and future lost earnings, economic damages and others, in an amount to be determined at trial;

3.   Any appropriate statutory damages;

4.   For costs of suit;

6.   Punitive damages, according to proof, though not as to the Negligence Causes of Action (Causes of Action 12 through 16);

7.   For interest based on damages, as well as pre-judgment and post-judgment interest as allowed by law;

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

Exhibit A
50

-43-
**COMPLAINT FOR DAMAGES**

8. For attorney's fees pursuant to California *Code of Civil Procedure* sections 1021.5, *et seq.*, 52, *et seq.*, 51, *et seq.*, 42 U.S.C. § 1988 or as otherwise allowable by law;

9. For declaratory and injunctive relief, including but not limited to court supervision of Defendant MSU; and

10. For such other and further relief as the Court may deem proper.

Dated: June 19, 2017           **MANLY, STEWART & FINALDI**

By: _____
JOHN C. MANLY, Esq.
Attorneys for Plaintiff, JANE HC DOE

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990

-44-
**COMPLAINT FOR DAMAGES**

Exhibit A

51

## DEMAND FOR JURY TRIAL

Plaintiff JANE HC DOE hereby demands a trial by jury.

Dated: June 19, 2017                    **MANLY, STEWART & FINALDI**

By: _____
          JOHN C. MANLY, Esq.
          Attorneys for Plaintiff, JANE HC DOE

MANLY, STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, California 92612
Telephone: (949) 252-9990