UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JANE HC DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. LARRY NASSAR; MICHIGAN STATE UNIVERSITY; and DOES 1 through 500.<br><br>        Defendants. | CASE NO.: 8:18-cv-00651-JLS (KESx)<br><br>**ORDER APPROVING MICHIGAN STATE UNIVERSITY'S MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION (DOC. 17)**<br><br>The Honorable Josephine L. Staton |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Where a motion for a good faith determination is unopposed, the grounds of good faith as set forth in the motion and an accompanying declaration stating the background of the case constitute a sufficient basis for granting the motion. *City of Grand Terrace v. Superior Court*, 238 Cal. Rptr. 119, 125 (Ct. App. 1987). *See also* C.D. Cal. R. 7-12 (noting that failure to file an opposition may be deemed consent to the granting of a motion).

Having considered Defendant Michigan State University's ("MSU") Motion for Good Faith Settlement Determination, the terms of the Settlement Agreement and Mutual Release dated August 28, 2018 ("Settlement Agreement"), signed on the one hand by MSU and on the other hand by Plaintiff Jane HC Doe ("Plaintiff Doe"), the arguments of counsel, having no opposition before it, and good cause appearing, the Court finds and ORDERS as follows:

1. The negotiations of the Settlement Agreement were fair and conducted in good faith and at arm's length, resulting in a settlement amount that is reasonable considering the proportionate liability between the defendants and litigation risk between MSU and Plaintiff Doe. There is no evidence of bad faith, fraud, collusion, or an intent to unfairly impact the rights of any non-settling defendant.

2. The Settlement Agreement between MSU and Plaintiff Doe was made in good faith and is a "good faith settlement" within the meaning of California Code of Civil Procedure sections 877 and 877.6.

3. Pursuant to California Code of Civil Procedure sections 877(b) and 877.6(c), any claims, causes of action, complaints, cross-complaints, actions or proceedings by any person or entity against MSU for contribution, equitable indemnity, partial or comparative indemnity, reimbursement, or declaratory relief are barred, discharged and enjoined as a matter of law.

4. MSU's Motion for Good Faith Settlement Determination is GRANTED in its entirety.

5. The hearing set for November 2, 2018 at 10:30 a.m. is VACATED.

**IT IS SO ORDERED.**

DATED: October 31, 2018

HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE